UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

TENESHA WEST,

    Plaintiff,                               CASE NO.:

v.

COMMUNITY BEHAVIORAL MANAGEMENT,
INC., a Florida Profit Corporation,[1]

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TENESHA WEST ("WEST" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, COMMUNITY BEHAVIORAL MANAGEMENT, INC. ("CBM" or "Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 and 215(a)(3), et seq., hereinafter called the "FLSA"), to recover unpaid overtime wages, compensatory damages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

---

[1] Plaintiff intends to amend this Complaint shortly to assert these claims as a collective action, as the violations alleged herein are common to all similarly situated individuals.

4. At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff worked for Defendant in Broward County, Florida.

6. Defendant is an employer as defined by the FLSA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce.

## STATEMENT OF FACTS

7. During the relevant limitations period under the FLSA, Plaintiff has been employed by Defendant as an hourly paid Registered Behavioral Technician ("RBT").

8. In her capacity as an RBT, Plaintiff works with Defendant's patients receiving Applied Behavior Analysis ("ABA") therapy to implement their intervention plans.

9. Plaintiff is/was a non-exempt employee under the FLSA and is/was entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

10. Plaintiff regularly worked in excess of forty (40) hours per week throughout her employment with Defendant.

11. Throughout her employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

12. Defendant failed to accurately track and account for the actual hours Plaintiff was working throughout her employment with Defendant.

13. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all overtime hours worked, as required by the FLSA.

14. Defendant violated Title 29 U.S.C. §§ 206 and 207, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the relevant period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

15. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

16. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

17. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

18. Based on the allegations in Paragraphs 15-17, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

19. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

20. Plaintiff re-alleges and reavers paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

22. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by her/his failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when she knew, or should have known, such was, and is due.

25. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

26. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows: for overtime damages; liquidated damages, attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: February 6, 2020.

/s/ **_Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

Counsel for Plaintiff